IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02220-REB-KLM

JULIE BARKEMA,

      Plaintiff,

v.

BAC HOME LOANS SERVICING, LP,

      Defendant.

_____

### MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Ammended [sic] Petition for Temporary Injunction** [Docket No. 18; Filed September 18, 2010] ( the "Motion").  This is Plaintiff's third Motion for injunctive relief to prevent foreclosure of Plaintiff's property.  The prior motions were denied without prejudice due to Plaintiff's failure to comply with the Court's Local Rules [Docket No. 10].  Specifically, the motions did not contain a certification that they were served upon Defendant as required by Fed. R. Civ. P. 65(a)(1) (requiring notice to the opposing party) and D.C.COLO.LCivR 5.1G. (requiring certificate of service that the motion was served upon opposing party).  The present Motion suffers from the same deficiency.  As noted in my prior Order, despite the fact that Plaintiff is proceeding without an attorney, she is required to comply with the rules of this Court.  *Green v. Dorell*, 969 F.2d 915, 917 (10th Cir. 1992).  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED without prejudice** to Plaintiff refiling her request in compliance with the Federal and Local Rules of Civil Procedure.  Plaintiff's failure to comply with this Order in the future will result in the offending pleadings

being stricken and/or summarily denied.  In addition, any future motions for injunctive relief must contain the date of the foreclosure Plaintiff seeks to have enjoined.  To the extent that the foreclosure has already occurred, injunctive relief is not available.  *See, e.g.*, *Mayhew v. Cherry Creek Mortg. Co.*, No. 09-cv-00219, 2010 WL 935674, at *13 (D. Colo. Mar. 10, 2010) (unpublished decision) (noting that request for injunctive relief to prevent foreclosure is mooted by foreclosure sale).

A review of the docket in this case reveals that Plaintiff has tendered her second Amended Complaint [Docket No. 17].  Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once without permission from the Court.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(b).  Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's tendered second Amended Complaint [#17] is **STRICKEN**.  Any future attempt to amend must be accomplished by motion, with the proposed amended pleading attached, and in compliance with the Local Rules, particularly D.C.COLO.LCivR 5.1G., 7.1A., 7.1C. and 10.1.

A list of attorneys who are available to handle mortgage fraud cases is available through the Clerk's office, 901 19th Street, Denver, Colorado 80294.

Dated:  October 5, 2010