IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-02220-REB-KLM

JULIE BARKEMA,

    Plaintiffs,

vs.

BAC HOME LOANS SERVICING, LP,

    Defendant.

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Defendant BAC Home Loans Servicing, LP ("BAC Home Loans") respectfully submits this Motion to Dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion").

**D.C.COLO.LCivR 7.1(A) Certification**

Given the nature of the relief sought herein, undersigned counsel is not required to confer with the *pro se* Plaintiffs prior to filing this motion under Fed.R.Civ.P. 12(b)(6). D.C.COLO.LCivR 7.1(A). This is particularly true when, as here, the pleading deficiencies cannot be cured by amendment of the complaint. Further, undersigned has read and complied with the Practice Standards of this Court.

**INTRODUCTION**

On March 12, 2009, Plaintiff Julie Barkema ("Barkema") entered into a mortgage loan transaction secured by her primary residence located at 6443 S. Franklin Street,

Littleton, Colorado 80121 (the "Property").  The terms of the loan for the principal sum of $226,040.00 was memorialized in a promissory note (the "Note") and secured by a deed of trust.  The deed of trust dated March 12, 2009, was recorded with the Arapahoe County Clerk and Recorder's Office on March 18, 2009 at Reception No. B9027303 (the "Deed of Trust").  The Deed of Trust granted the Public Trustee of Arapahoe County with the power of sale.  BAC Home Loans is the holder of the Note and is the beneficiary of the Deed of Trust.

Barkema defaulted under the Note by failing to pay required monthly installments of principal and interest.  Barkema failed to cure her default.  Despite her continuing default under the Note, Barkema filed an Original Petition [Complaint][1] against BAC Home Loans seeking damages for, among other things, alleged disclosure violations and for "acting in concert and collusion with others [to induce] Petitioner to enter into a predatory loan agreement with Defendant [through] numerous acts of fraud against Petitioner in further of a carefully crafted scheme intended to defraud Petitioner."  *See* Doc. 8, ¶¶22-25.  The seemingly omnibus Complaint, in its shotgun approach, fails to state a claim.

The causes of action listed in Barkema's Complaint begin on page 20 and include: (1) breach of fiduciary duty, (2) negligence and negligence per se, (3) fraud, (4)

---

[1] A copy of the Barkema's Complaint is located at Document 8 on the case docket.  The Complaint appears to be a form complaint lifted from the internet and asserts generalized, difficult-to-follow allegations against unidentified entities.  Although BAC Home Loans is the only named Defendant, the Complaint repeatedly refers to multiple Defendants, and at one point, argues that "the Motion to Dismiss should be denied."  *See* Doc. 8, p. 23 of 25, at ¶ 632.

breach of the implied covenant of good faith and fair dealing, (5) violation of the Truth in Lending Act ("TILA"), and (6) intentional infliction of emotional distress. *See* Doc. 8, pp. 20-24.

It is certainly not readily apparent from the face of the Complaint exactly what other causes of action have been pleaded, if any. After a very liberal reading of the Complaint, and affording Barkema all benefits of doubt, Barkema may also be asserting claims for: breach of contract, *see e.g.* Doc. 8, ¶ 170; unjust enrichment, *see e.g.* Doc. 8, ¶ 181; criminal conspiracy and theft, *see e.g.* Doc. 8, ¶¶ 178-179, 249-255; and violation of the Real Estate Settlement Procedures Act ("RESPA"), *see e.g.* Doc. 8, ¶¶ 337-347. Barkema's other purported claims related to quiet title, *see e.g.* Doc. 8, ¶¶ 510-518; declaratory relief, *see e.g.* Doc. 8, ¶ 200; and rescission, *see e.g.* Doc. 8, ¶¶ 513, 670; are even more unintelligible than the above possibly asserted claims, and simply fail to meet the pleading standards.

The conclusory and unintelligible causes of action do not rise to the requisite level of plausibility, and some are barred by the applicable statutes of limitation or statute of frauds. The causes of action either fail to assert cognizable legal theories or lack sufficient facts to support cognizable legal theories. Therefore, the Complaint should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

## **STANDARD OF REVIEW**

In *Bell Atlantic Corp v. Twombly*, the Supreme Court held that a plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). Although the court must accept all well-pleaded facts

as true, the "burden [remains] on the plaintiff to frame a 'complaint with enough factual matter to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *The Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft*, 129 S. Ct. at 1949).

Further, in resolving this Motion, documents that are referred to in the Complaint and are central to the Barkema's claims, such as the Note and Deed of Trust, may be considered by the Court without converting the motion to a motion for summary judgment under Rule 56. *Praeger v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999).

## ARGUMENT AND AUTHORITIES

**I. The causes of action for unjust enrichment and violations under RESPA § 2607, and TILA are barred by the applicable statutes of limitation.**

Barkema's cause of action for RESPA violations under § 2607 must be commenced within one year.[2] 12 U.S.C. § 2614. Barkema's cause of action for

---

[2] No private causes of action exist under 12 U.S.C. §§ 2603, 2604. *Mayhew v. Cherry Creek Mortgage, Co., Inc.*, No. 09cv00219, 2010 WL 935674, at *7 n. 4 (D. Colo. Mar.

-4-

statutory and actual damages under TILA must be brought within one year after the consummation of the loan transaction. 15 U.S.C. § 1640(e); *Merchants Mortgage & Trust Co. v. Dawe*, 754 P.2d 418 (Colo. App. 1987) (holding that a violation under TILA occurs, and the one-year statute of limitations begins to run, when credit is extended through consummation of the loan transaction).

Barkema's cause of action for unjust enrichment, being equitable in nature, is technically subject to a laches analysis rather than to a statutorily defined limitation period. *See Interbank Investments, L.L.C. v. Vail Valley Consolidated Water Dist.*, 12 P.3d 1224, 1229-30 (Colo. App. 2000). In *Interbank*, the court found that "[a]bsent extraordinary circumstances . . . a court will usually grant or withhold relief in analogy to the statute of limitations relating to actions at law of like character." *Id*. (internal quotation marks and citations omitted).

Barkema asserts that through "their misrepresentations, omissions, and other wrongful acts . . . Defendants, and each of them, were unjustly enriched at the expense of the Petitioner, and Petitioner was unjustly deprived, and is entitled to restitution in the amount of $458,884.65." *See* Doc. 8, ¶¶ 507-509.[3] Since the unjust enrichment claim seems to be most predicated on a RESPA § 2607 violation prohibiting kickbacks and

---

10, 2010) (stating that plaintiff's claim must be dismissed because "other provisions of RESPA explicitly provide private civil remedies, thus suggesting that Congress did not intend a private remedy for violations of Sections 2603 or 2604"). Pursuant to D.C.Colo.LCivR. 7.1(D) a copy of the *Mayhew* opinion is attached hereto as Exhibit A.

[3] Barkema's unjust enrichment claim is even more incredible when considering the following facts: (1) Barkema was loaned $226,040.00 in 2009, (2) Barkema defaulted on her loan repayment obligations, and (3) now argues that in 2010 that she is entitled to $458,884.65 (more than twice the loan amount) in restitution.

unearned fees, the RESPA one-year statute of limitations is most analogous and should apply to this claim for unjust enrichment.  12 U.S.C. § 2614.

The allegations in the Complaint demonstrate that each of the causes of action accrued as of March 12, 2009, when Barkema closed on the residential loan transaction at issue.  *See e.g.* Doc. 8, ¶¶ 20-28, 168-171, 178-180, 257-267, 269-270, 276-277, 320-322, 338-347, 368-375; *see* Note, Exhibit B and Deed of Trust, Exhibit C[4] (each dated March 12, 2009); *see also* C.R.S. § 13-80-108 ("a cause of action . . . shall be considered to accrue on the date that both the injury and its cause are known or should have been known by the exercise of reasonable diligence").  Barkema alleges that BAC Home Loans and others conspired to induce her to consummate a loan transaction that she could not afford, and that she first suffered damages at closing.  *See e.g.* Doc. 8, ¶¶ 20-28.  As a result, the alleged improper actions and inactions performed by BAC Home Loans and others occurred pre-closing, and Barkema suffered her alleged injury at closing due to being "charged false fees . . . at settlement."  Doc. 8, ¶ 28.  Therefore, and through the exercise of reasonable diligence, Barkema knew or should have known about her alleged injury and its cause at the time of the closing on March 12, 2009.

Barkema's claims for unjust enrichment and violations under RESPA § 2607 and TILA must have been brought by March 12, 2010 (one year after they accrued).  Since

---

[4] The Note and Deed of Trust, identified as Exhibits B and C, are part of the loan documents referenced in Barkema's Complaint and central to her claims.  Therefore, the Court may consider the Note and Deed of Trust without converting the Motion to a motion for summary judgment.  *Praeger v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999).

this lawsuit was not filed until September 13, 2010, these causes of action are time barred, and should be dismissed with prejudice.

## II. The doctrine of equitable tolling does not apply in this case.

The Complaint alleges that due to the "Defendants' misrepresentations and failure to disclose" the doctrine of equitable tolling applies to Barkema's claims under TILA and RESPA. *See* Doc. 8, ¶¶ 383-416. When applicable, the doctrine of equitable tolling allows plaintiffs to assert claims under TILA and RESPA "after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Heil v. Wells Fargo Bank*, 298 Fed. Appx. 703, 706 (10th Cir. 2008) (unpublished)[5] (quoting *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706-08 (11th Cir. 1998)); *see also Mayhew*, 2010 WL 935674, at *8 (applying doctrine to RESPA). But it is "only available when [litigants] diligently pursue [their] claims and demonstrate … that the failure to timely file was caused by extraordinary circumstances beyond [their] control." *Heil*, 298 Fed. Appx. at 707 (bracketing in original, internal citations omitted); *see also Perkins v. Johnson*, 551 F. Supp. 2d 1246 (D. Colo. 2008) ("The Tenth Circuit has noted that application of the doctrine is limited to rare and exceptional circumstances."). Further, it is Barkema's burden to prove that the statute should be tolled. *Heil*, 298 Fed. Appx. 703, 707 (citing *Olson v. Fed. Mine Safety & Health Review Comm'n,* 381 F.3d 1007, 1014 (10th Cir. 2004).

In *Heil*, the plaintiffs failed to meet their burden because they were aware of defendant's alleged TILA violations for over a year before filing the complaint. *Heil*, 298

---

[5] Pursuant to D.C.Colo.LCivR. 7.1(D) a copy of the *Heil* opinion is attached hereto as <u>Exhibit D</u>.

Fed. Appx. at 707. The Tenth Circuit affirmed the lower court's decision to deny equitable tolling even though the defendant allegedly refused continued requests to correct the violations up until the filing of the complaint. *Id.* at 706 (citing *Stevens v. Rock Springs Nat'l Bank*, 497 F.2d 307, 309 (10th Cir. 1974) and rejecting application of a "continuing violation" theory). Similarly, the plaintiffs in *Perkins* were also unable to meet the high standard articulated by the Tenth Circuit. *See Perkins*, 551 F. Supp. 2d at 1253. The court reasoned that "while they allege[d that] the complicated nature of the loan settlement documents prevented them from immediately discover[ing the violations], they [did] not allege that they were prevented from investigating and discovering [the violations] prior to the expiration of the statute of limitations." *Id.* (further finding that the plaintiffs failed to allege that they were prevented from this discovery because of fraudulent concealment).

In this case, Barkema's Complaint is devoid of any facts that might satisfy her burden. In fact, the Complaint does not set forth any facts that even imply that she was actively pursuing claims or the discovery of a violation. *See Id.* (stating that a plaintiff must demonstrate that it used "reasonable diligence in seeking to discover facts giving rise to a claim for relief."). Nor does she allege that she was prevented from pursuing such an investigation. Barkema filed this action 18 months after the closing of the loan, and she has failed to present facts demonstrating that her claims should be equitably tolled. Therefore, the doctrine of equitable tolling has no application, and Barkema's claims for unjust enrichment and for violations under TILA and/or RESPA § 2607 should be dismissed as time barred.

### III. The majority of Barkema's causes of action are barred by the credit agreement statute of frauds.

Colorado's credit agreement statute of frauds prohibits a debtor or creditor from filing or maintaining a claim "relating to a credit agreement involving a principal amount in excess of twenty-five thousand dollars unless the credit agreement is in writing and signed by the party against whom enforcement is sought." C.R.S. § 38-10-124(2).

Colorado courts are to construe the credit agreement statute of frauds broadly to effectuate its purposes. *Schoen v. Morris*, 15 P.3d 1094, 1099 (Colo. 2000); *Premier Farm Credit, PCA v. W-Cattle, LLC*, 155 P.3d 504, 522 (Colo. App. 2007). The credit agreement statute of frauds was enacted to "discourage lender liability litigation and to promote certainty into credit agreements involving sums of more than $25,000." *Schoen*, 15 P.3d at 1098 (demonstrating that "the legislature hoped to curtail suits against lenders based on oral representations").

"The credit agreement statute of frauds expressly bars *all claims* relating to a credit agreement unless the credit agreement is in writing." *Lang v. Bank of Durango*, 78 P.3d 1121, 1123 (Colo. App. 2003) (emphasis in original) (affirming trial court's decision to bar claims of negligent misrepresentation, fraud, and unjust enrichment based on the credit agreement statute of frauds).

Here, Barkema's causes of action for negligence, negligence per se, fraud, intentional infliction of emotional distress, unjust enrichment, and criminal conspiracy are barred by operation of the credit agreement statute of frauds. The allegations that BAC Home Loans (and others) induced, conspired, colluded, misrepresented information, and intentionally inflicted emotional distress upon Barkema are all based on

oral representations or other conduct falling outside of the four corners of the applicable credit agreement. Therefore, these claims should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. There is no private cause of action for Barkema's claims under sections 2603 and 2604 of RESPA.

Barkema's alleged claims under §§ 2603 and 2604 of RESPA fail because there are no such private causes of action available to her. *See* Doc. 8, ¶¶ 338-347. While damages are available for some RESPA provisions, "[t]here is no private right of action under RESPA for violations of Sections 2603 and 2604." *Agbabiaka v. HSBC Bank USA Nat. Assn.*, No. C 09-05583 JSW, 2010 WL 1609974, *4 (N.D. Cal. Apr. 20, 2010).[6]

Sections 2603 and 2604 of RESPA govern what disclosures, including the HUD-1 Settlement Statement and special informational booklets, are required to be provided to the borrower. 12 U.S.C. §§ 2603, 2604. RESPA Section 4 requires lenders to "conspicuously and clearly itemize all charges imposed upon the borrower and all charges imposed upon the seller in connection with the settlement[.]" 12 U.S.C. § 2603(a). Yet, the plain language of the statute does not provide a claim for relief for a violation of Section 4.

The Complaint fails to identify specific provisions of RESPA that were violated. But since Barkema's allegations identifying "the apparent RESPA violations" all apply to disclosures that were allegedly defective or not timely presented to her, such violations

---

[6] Pursuant to D.C.Colo.LCivR. 7.1(D) a copy of the *Agbabiaka* opinion is attached hereto as Exhibit E.

fall under §§ 2603 and 2604 of RESPA.  *See* Doc. 8, ¶¶ 338-347.  Therefore, Barkema's allegation that the Defendants violated RESPA has no remedy at law, no basis in fact, and should be dismissed.

**V.    The Complaint fails to state a plausible claim for relief under § 2605 of RESPA.**

Section 2605 of RESPA governs the servicing of mortgage loans and the administration of escrow accounts.   12 U.S.C. § 2605.  Barkema's alleged RESPA violations in the Complaint only extend to disclosure requirements under §§ 2603 and 2604, and do not in any way extend to servicing of the loan.  Therefore, Barkema has failed to state a plausible claim for relief under § 2605 of RESPA, and such claim should be dismissed with prejudice.

**VI.    There is no private cause of action for Barkema's rescission claim.**

Barkema's claim for rescission[7] is unsupported by TILA.  TILA Section 1635(e) provides: "This section does not apply to — (1) a residential mortgage transaction as defined in section 1602(w) of this title[.]"  15 U.S.C. § 1602(w).  Indeed, the statutory right of rescission is not applicable to a residential mortgage transaction.  12 C.F.R. 226.23(f).

Here, Barkema admittedly obtained the loan for the purpose of refinancing the home as her primary residence.  *See* Doc. 8, ¶¶ 20-21.  Because the loan in question was for a residential mortgage transaction, as defined in TILA, it is exempt from the

---

[7] The Complaint makes only two references to rescission, and each reference is entirely conclusory with no supporting facts. *See* Doc. 1, ¶¶ 508-09 ("Petitioner's claims for rescission and fraud are meritorious"), and ¶¶ 665-66 (seeking "rescission of the loan contract and restitution by Defendants to Petitioner according to proof at trial"). Accordingly, the Complaint simply fails to state any plausible claim for rescission. *Bixler*, 596 F.3d at 756.

rescission provision. Therefore, and if a claim for rescission has been properly pleaded, it should be dismissed with prejudice.

**VII. Barkema's claim seeking to quiet title to the Property, along with her claim for declaratory relief seeking to identify the holder of the promissory note and whether the power of sale contained in the Deed of Trust is enforceable, are illogical and fail to state plausible claims for relief.**

Barkema currently holds title to the Property. *See* Arapahoe County Public Trustee Record, attached as Exihibit F.[8] Yet in the Complaint, Barkema asserts a claim to quiet title to the Property on the basis that the power of sale clause contained in the Deed of Trust she signed on March 12, 2009 is of no force or effect. *See* Doc. 8, ¶¶ 515-518. Barkema also seeks declaratory relief seeking to learn who holds the promissory note, and "whether the Deed of Trust (Mortgage) secures any obligation of the Petitioner. . . ." *See* Doc. 8, ¶¶ 200-202. These claims are illogical and unintelligible and fail to state appropriate claims for relief.

Here, BAC Home Loans is the holder of the Note. Barkema has defaulted under the Note and the Deed of Trust contains a power of sale clause. Therefore, BAC Home Loans is entitled to foreclose on the Property. Barkema's contentions regarding the enforceability of the power of sale clause contained in the Deed of Trust, along with her claim for declaratory relief seeking to learn who holds the Note and whether the Deed of Trust secures any property belonging to her, provide no basis for relief and must be dismissed.

---

[8] BAC Home Loans requests that the Court take judicial notice of Exhibit F under Fed. R. Evid. 201 because this record is not subject to a reasonable dispute. The record identified as Exhibit F is maintain by the Arapahoe County Public Trustee's Office and is capable of accurate and ready determination by the Court through resort Arapahoe County official website.

**VIII.  Barkema's breach of fiduciary claim fails to state a plausible claim for relief.**

Barkema claims that BAC Home Loans, and/or other unnamed defendants, breached a fiduciary duty that was owed to her. *See* Doc. 8, ¶¶ 544-554.  But under Colorado law, "no per se fiduciary relationship exists by virtue of the borrower-lender relationship between a bank or a bank's officer and a customer of the bank." *First Nat. Bank of Meeker v. Theos*, 794 P.2d 1055, 1060 (Colo. App. 1990).  A fiduciary duty does not exist simply because one party is a borrower and the other is a lender.  *Id*.

Barkema has not met her burden of establishing that a confidential relationship existed.  *Id.* at 1061.  In fact, Barkema's formulaic recitation of the elements does not suffice.  *Bixler*, 596 F.3d at 756.  Therefore, Barkema's claim for breach of fiduciary duty may be properly dismissed with prejudice.

**IX.  The tort claims for negligence, negligence per se, and intentional infliction of emotional distress should be dismissed because they arise out of, and are not independent of, the duties and requirements encompassed in the loan documents.**

In support of her claims for negligence and/or negligence per se, Barkema argues that "Defendants owed a general duty of care with respect to Petitioners, particularly concerning their duty to properly perform due diligence as to the loans. . . ." *See* Doc. 8, ¶¶ 556-557.  But there is no such general duty of care, nor is there any duty independent of those created through the contractual loan documents.  *Centennial Square, Ltd. v. Resolution Trust Co.*, 815 P.2d 1002, 1004 (Colo. App. 1991).  As in *Centennial Square*, Barkema's claims for negligence and negligence per se are based on a contractual relationship, cannot be asserted as independent torts, and therefore should be dismissed with prejudice.

-14-

Barkema's claim against "Defendants" for the intentional infliction of emotional distress through conduct that "was extreme and outrageous and not to be tolerated by civilized society" is completely conclusory.  See Doc. 8, ¶¶ 644-645. There are no allegations of specific facts regarding what such conduct was extreme and outrageous, nor is there any indication as to who behaved in this manner.  This does not suffice. *Bixler*, 596 F.3d at 756.  Such a claim should also be dismissed with prejudice for failing to state a plausible claim for relief.

## **CONCLUSION**

Barkema's Complaint fails to state any plausible claim for which relief can be granted.  Based on the above argument and authorities, BAC Home Loans respectfully requests that the Court grant its Motion and dismiss Barkema's Complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6), and awarding it such other further relief as the Court deems necessary.

-15-

Dated October 28, 2010

                        Respectfully submitted,

                        *s/ Sean M. Hanlon*
                        J. Kevin Bridston, #17739
                        Sean M. Hanlon, #39686
                        HOLLAND & HART LLP
                        555 Seventeenth Street, Suite 3200
                        Post Office Box 8749
                        Denver, Colorado  80201-8749
                        Phone: (303) 295-8270
                        Fax: (303) 291-9144
                        smhanlon@hollandhart.com
                        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on October 28, 2010, I caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system, and I caused to be served a copy of the foregoing document to the following by:

☒ U.S. Mail, postage prepaid
☐ Hand Delivery
☒ E-Mail
☐ Electronic Service by LexisNexis File & Serve

Julie Barkema
6443 S. Franklin Street
Centennial, CO 80121

invisible65432@yahoo.com

*s/ Sean M. Hanlon*
Sean M. Hanlon

4947441_1.DOCX