IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02220-REB-KLM

JULIE BARKEMA,

      Plaintiff,

v.

BAC HOME LOANS SERVICING, LP,

      Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to File Amended Complaint** [Docket No. 37; Filed January 6, 2011] (the "Motion"). On January 14, 2011, Defendant filed a Response [Docket No. 39] (the "Response") in opposition to the Motion. Because Plaintiff did not attach a proposed amended complaint to the Motion, the Court construes the Motion as one to modify the Scheduling Order [Docket No. 34] by extending the deadline for amendment of pleadings. The Scheduling Order [#34] provides that the deadline for amendment of pleadings expired on December 15, 2010. *Scheduling Order* [#34] at 7, ¶9(a). Plaintiff now seeks a forty-five day extension of the pleading amendment deadline. *Motion* [#37] at 2, ¶9.

Plaintiff offers no explanation for why she failed to file a motion for an extension of the pleading amendment deadline before it expired on December 15, 2010. Nevertheless, the Court has discretion to grant a party leave to amend its pleadings, and it is the practice

in this District to allow a *pro se* party the opportunity to amend her complaint before dismissing her case. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (Dismissal is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.").

Moreover, Defendant has not shown that extending the deadline for Plaintiff to amend her Complaint would be unduly prejudicial. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006) (noting that prejudice to defendants is the most important factor in considering whether a plaintiff should be permitted to amend his complaint). Defendant argues that requiring it to "prepare and file a new or supplemental motion to dismiss" in response to an amended complaint filed by Plaintiff "would be unduly prejudicial." *Response* [#39] at 9. The Court disagrees. "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted). Although Plaintiff has not specified her proposed amendment, *see Motion* [#37] at 2 (stating only that Plaintiff will more "clearly define [her] claims" and provide unspecified exhibits), Defendant has provided no reason to believe that Plaintiff's short delay in seeking an extension of the pleading amendment deadline has unfairly impacted its ability to defend against any new allegations that might be raised in an amendment. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#37] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff shall have up to and including **February**

**21, 2011** to file a motion for leave to amend her Complaint.  Plaintiff must attach a proposed amended complaint to any such motion.

DATED: January 24, 2011 at Denver, Colorado.

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge